

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2004

# Prudential Prop v. Estate Abdo Elias

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3031

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Prudential Prop v. Estate Abdo Elias" (2004). *2004 Decisions.* Paper 518.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/518

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 03-3031

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY

v.

ESTATE OF ABDO ELIAS, Deceased; TONI ABDO ELIAS;
CHARBEL ELIAS; AZIZ ELIAS; PIERRE ELIAS; ADIBE ELIAS

Estate of Abdo Elias, Deceased; Toni Elias;
Charbel Elias; Pierre Elias; Adibe Elias,

Appellants

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 02-cv-02610)
District Judge: Hon. William H. Yohn, Jr.

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 12, 2004

BEFORE: RENDELL, COWEN and LAY*, Circuit Judges

(Filed: July 7, 2004)

OPINION

*Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit,
sitting by designation.

COWEN, Circuit Judge.

On November 30, 2000, Abdo Elias (the "decedent") was fatally injured as a pedestrian when he was struck by an underinsured motorist. After the decedent's death, his family demanded coverage under automobile insurance policies issued to two of his sons by appellee Prudential Property & Casualty Insurance Company ("Prudential"). Prudential paid the full coverage amount under one son's policy but denied coverage under the other, filing the instant action in order to secure a declaratory judgment that no benefits were due under that policy. The District Court granted summary judgment in favor of Prudential on the grounds that the decedent was not a resident relative in the household of the son under whose policy Prudential had denied coverage. The decedent's estate and his surviving relatives, Toni Elias ("Toni"), Charbel Elias, Aziz Elias ("Aziz"), Pierre Elias ("Pierre"), and Adibe Elias (collectively, "appellants"), now appeal the District Court's order granting summary judgment in favor of Prudential.[1] For the reasons discussed below, we will affirm that order..

The factual background of this action was thoroughly discussed by the District Court, and need only briefly be recited here. Prudential issued separate automobile insurance policies to two members of the Elias family. The first policy, issued to Aziz Elias, provided coverage to the named insured, his or her resident spouse, and any "resident relative," if any of the foregoing were hit by an underinsured motor vehicle

---

[1]Toni Elias, Charbel Elias, Aziz Elias and Pierre Elias are the surviving sons of decedent Abdo Elias; Adibe Elias is the decedent's surviving wife.

while a pedestrian. The policy defined "resident relative" as "someone who lives in [the named insured's] household and is related to [the named insured] by blood, marriage, adoption or is a ward or foster child." The policy listed Aziz's address as 153 West Green Street, Allentown, Pennsylvania (the "Allentown address"). The second policy, issued to Toni Elias, contained language identical to the one issued to Aziz, providing underinsured motorist coverage to Toni (as the named insured), his resident spouse, and a "resident relative," and adopting the same definition of "resident relative." The policy listed Toni's address as 210 South Sixth Street, Whitehall, Pennsylvania (the "Whitehall address").

The decedent resided at the Allentown address, as did his sons Aziz and Pierre. At no time did either the decedent or Pierre reside at the Whitehall address. In November of 2000, Toni added Pierre to his policy as a licensed operator resident in the household. Pierre was not actually a resident in Toni's household, and the terms of Toni's policy in fact prohibited the addition of nonresident family members as licensed operators. Appellants maintain that they are entitled to coverage under Toni's policy because the insurance agent erred by incorrectly listing Pierre's residence as the Whitehall address when Pierre was added to the policy. Implicit in this argument is the contention that, because Pierre was listed on the policy and the decedent resided in the same household as Pierre, the decedent was entitled to coverage under Toni's policy. As the District Court correctly determined, however, the plain language of the policy establishes that

3

underinsured motorist coverage only extends to resident relatives of the named insured. Although Pierre, Toni, and Jenan Elias (Toni's wife) are listed as licensed operators under the policy, only Toni is listed as the named insured. Therefore, under no circumstances would the decedent have been entitled to coverage under the policy merely by virtue of his relationship with Pierre. See Peerless Dyeing Inc. v. Industrial Risk Insurers, 573 A.2d 541, 543 (Pa. Super. Ct. 1990) ("The law of Pennsylvania requires that an insurance policy be construed in accordance with its plain, common, and ordinary meaning.").

Also unavailing is appellants' contention that negligence by the insurance agent in adding Pierre to Toni's policy entitles the decedent to coverage. The District Court determined that this argument was not properly before it because appellants had not raised it in their answer to Prudential's complaint. Because appellants have not challenged the District Court's ruling in this regard, they have not properly preserved their argument for resolution on the merits. See Fed. R. App. Proc. 28(5); Brenner v. Local 514 United Brotherhood of Carpenters, 927 F.2d 1283, 1298 (3d Cir. 1991). Even were we to reach the merits, the undisputed evidence establishes that Pierre Elias never intended to purchase a separate insurance policy under which members of his own household would be covered, but rather sought to add himself to his brother Toni's policy as a member of Toni's household in order to save money on insurance premiums. Any negligence by the insurance agent in listing the Whitehall address as Pierre's residence is not material to the issue of coverage for the decedent under Toni's policy. The District Court's order will be

4

affirmed in all respects.